UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON T. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) Case: 1:22-cv-05307 |
| | ) |
| v. | ) |
| | ) |
| DAKKOTA INTEGRATED SYSTEMS, LLC, | ) |
| | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Jason T. Coleman ("Plaintiff"), by and through the undersigned counsel, hereby files his Complaint against Dakkota Integrated Systems, LLC ("Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants race and color discrimination and retaliation under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen

employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under the § 706 of Title VII, 42 U.S.C. §2000e-5.

7. A charge of race and color discrimination and retaliation was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Jason Coleman, is an individual residing in Cook County, Illinois.

10. At all times material to the allegations of this Complaint, Defendant, Dakkota Integrated Systems, LLC operates a commercial manufacturing plant in Cook County, Illinois whose address is 12525 South Carondolet Avenue, Chicago, Illinois 60633, and is within this judicial district.

11. At all times relevant, Plaintiff was employed and worked at Defendant's plant is location at 12525 South Carondolet Avenue, Chicago, Illinois 60633.

12. Plaintiff was employed by Defendant as an "employee' within the meaning of 42 U.S.C. § 2000e(f).

13. During the applicable limitations period, Defendant has had at least fifteen

employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

14. On or around November 11, 2021, Plaintiff was hired at Dakkota Integrated Systems, LLC as a production worker.

15. Since at least November 22, 2021 through December 14, 2021, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

16. Plaintiff was subjected to discrimination and retaliation on the basis of his race and color (African-American).

17. Shortly after Plaintiff was hired, Plaintiff's Supervisor, Ms. Danica Vukasevic (Caucasian) ("Ms. Vukasevic"), began to harass Plaintiff.

18. Ms. Vukasevic targeted Plaintiff in that she reprimanded Plaintiff, but did not reprimand non-African American employees. Ms. Vukasevic treated non-African-American employees more favorably than Plaintiff based upon his race.

19. On or about December 14, 2021, Plaintiff was scheduled to go on break from 12:00 p.m. to 12:30 p.m. When Plaintiff returned to work at 12:30 p.m., Ms. Vukasevic berated Plaintiff for being late. Plaintiff explained to Ms. Vukasevic that he was not scheduled to be back from break until 12:30 p.m. and that none of his coworkers had returned.

20. Ms. Vukasevic's supervisor, Mr. Clay (LNU), told Plaintiff that he "did not do anything wrong and to return to work."

21. That same day, Plaintiff's non-African American coworkers returned from their breaks late, however, Ms. Vukasevic did not reprimand any of them for their tardiness nor address

3

it like she did to Plaintiff.

22. Plaintiff complained to management that the treatment he was being subjected to was not fair.

23. Thereafter, Defendant terminated Plaintiff's employment.

24. Plaintiff was subject to race and color discrimination that resulted in Plaintiff being reprimanded and terminated in retaliation for complaining of discrimination.

25. Plaintiff met or exceed Defendant's performance expectations during the entire duration of his employment.

26. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

## COUNT I
### Violation of 42 U.S.C. Section 1981 - Race-Based Discrimination

27. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

28. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

29. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

30. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

31. Defendant's unlawful conduct resulted in considerable harm and adverse

employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. Color-Based Discrimination

32. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

33. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

34. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

35. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

36. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Race-Based Harassment

37. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his race, Africana American and his color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

39. Defendant knew or should have known of the harassment.

40. The race harassment was severe or pervasive.

41. The race harassment was offensive subjectively and objectively.

42. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his race, African American and his color.

43. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
**Violation of 42 U.S.C. § 2000e, *et seq.* - Retaliation**

44. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

45. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

46. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

47. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination.

48. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

49. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the race -based discrimination, thereby violating Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. §2000e, *et seq*.

50. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

51. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

 a. Back pay with interest;

 b. Payment of interest on all back pay recoverable;

 c. Compensatory and punitive damages;

 d. Reasonable attorneys' fees and costs;

 e. Award pre-judgment interest if applicable; and

 f. Award Plaintiff any and all other such relief as the Court deems just and proper.

Dated this 28th day, of September 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
**CHAD EISENBACK, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*